UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY SCHEUERMAN;<br>KATHLEEN SCHEUERMAN,<br><br>Plaintiffs,<br>v.<br><br>OCWEN LOAN SERVICING, LLC; U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2007-1 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2007-1; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 19-cv-921-WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendants Ocwen Loan Servicing, LLC and U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2007-1 Mortgage Passthrough Certificates, Series 2007-1. (ECF No. 5).

**I.  Background**

On April 30, 2019, Plaintiffs Geoffrey Scheuerman and Kathleen Scheuerman filed a complaint in Superior Court for the County of San Diego against Defendants Ocwen Loan Servicing, LLC, U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2007-1 Mortgage Passthrough Certificates, Series 2007-1, and does 1-10. (ECF No.

1-2 at 2). The allegations in the Complaint arise from a loan modification and 2019 foreclosure proceedings on a house located at 3749 Kingsley Street in San Diego. *Id.* ¶ 1. The Complaint alleges the following seven causes of action: (1) violation of California Civil Code Section 2923.7; (2) violation of California Civil Code Section 2924.9; (3) violation of California Civil Code Section 2924.10; (4) violation of California Civil Code Section 2923.6(c); (5) negligence; (6) unfair business practices in violation of California Business and Professions Code Section 17200 et seq; (7) violation of 15 U.S.C. § 1641(g). *Id.*

On May 16, 2019, this action was removed to this Court. (ECF No. 1).

On May 23, 2019, Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2007-1 Mortgage Passthrough Certificates, Series 2007-1 filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5). Defendants contend that Plaintiffs fail to state a claim with respect to each cause of action alleged in the Complaint. *Id.*

The record reflects that Plaintiffs have not filed a response in opposition to Defendants' Motion to Dismiss.

**II.  Discussion**

A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss, based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion"); *Dickinson v. Ocwen Loan Servicing, LLC*, 466 Fed. App'x 567 (9th Cir. 2012) (same). Civil Local Rule 7.1 provides, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1(f)(3)(c). "Although there is . . . a [public] policy

favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)) (affirming dismissal for failure to prosecute).

The docket reflects that the notice of removal was served on Plaintiffs' counsel. (ECF No. 3). The docket reflects that Defendants obtained a hearing date of June 24, 2019 for their Motion to Dismiss. (ECF No. 5). Pursuant to the local rules, Plaintiff was to file any response to the Motion to Dismiss no later than fourteen days prior to the hearing date. The docket reflects that Plaintiff has failed to file any response to the Motion as required by Civil Local Rule 7.1.e.2. The Court construes Plaintiffs' failure to oppose the Motion to Dismiss as "a consent to the granting of" the Motion. CivLR 7.1(f)(3)(c). The Court further concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss for failure to file an opposition. *Ghazali*, 46 F.3d at 53. The Motion to Dismiss is granted. (ECF No. 5).

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants Ocwen Loan Servicing, LLC and U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2007-1 Mortgage Passthrough Certificates, Series 2007-1 (ECF No. 5) is GRANTED. The Complaint is dismissed without prejudice. Plaintiffs shall file any motion for leave to file an amended complaint pursuant to Local Civil Rule 7.1 within thirty (30) days of the date this Order is issued. If Plaintiffs do not file any motion for leave to amend within thirty days, the Clerk of Court shall close the case.

Dated: July 3, 2019

Hon. William Q. Hayes
United States District Court